Mr. Kenneth W. Littlefield Commissioner Texas Department of Banking 2601 N. Lamar Boulevard Austin, Texas 78705-4294
Re: whether the Department of Banking may hire the son of a member of the Finance Commission (RQ-1999)
Dear Mr. Littlefield:
You ask whether the Banking Department may hire the son of a member of the Finance Commission as a hearings officer. We assume from your letter that the position in question is a classified position.
The applicability of the nepotism statute, article 5996a, V.T.C.S., depends on whether the Finance Commission may exercise control over the hiring decision in question. Pena v. Rio Grande City Consol. Indep. School Dist., 616 S.W.2d 658 (Tex.Civ.App.-Eastland, 1981). The relationship between the Finance Commission, the Banking Commissioner, and the Banking Department is described in part in article 342-201, V.T.C.S., which provides:
 By and with the advice and consent of the Senate, the Finance Commission, by at least five (5) affirmative votes, shall elect a Banking Commissioner who shall serve at the pleasure of the Finance Commission, provided that the Banking Commissioner first elected shall take office at the expiration of the term of office of the present Banking Commissioner. Said Banking Commissioner shall be an employee of the Finance Commission and subject to its orders and directions. The Banking Commissioner shall receive such compensation as is fixed by the Finance Commission. The salary of an employee of the Banking Department in any other exempt position may not exceed the amount that is $2,000 less than the salary of the Commissioner. The Position Classification Act of 1961 (Article 6252-11, Vernon's Texas Civil Statutes) applies to a position of the Banking Department only if it is classified in groups 1-10 under the position classification plan in effect on January 1, 1989, or comparable positions under any successor plan. The legislature in the General Appropriations Act may determine the total amount appropriated to the Banking Department but may not determine the number or salaries of employees of the Banking Department in exempt positions. The Finance Commission, subject to the limits provided by this article, shall determine the number of employees of the Banking Department in exempt positions and the salaries of those employees. The Banking Department may use funds appropriated to it for any purpose to pay the salaries determined by the Finance Commission. (Emphasis added.)
The statement that the Banking Commissioner is subject to the orders of the Finance Commission would seem to indicate that all decisions, including hiring decisions, by the Banking Commissioner or subordinate Banking Department employees are subject to review by the Finance Commission. If that were so, the nepotism statute would prohibit the Banking Department from hiring the son of a member of the Finance Commission. See Pena, supra. The Texas Supreme Court, however, has rejected such a broad interpretation of the Finance Commission's authority over the Banking Commissioner. In Chemical Bank Trust Co. v. Falkner,369 S.W.2d 427 (Tex. 1963), the court determined that the Banking Commissioner was a state officer, rather than an employee, for purposes of article 1733, V.T.C.S. In reaching that decision the court wrote:
 While the statute does say the Banking Commissioner is an `employee of the Finance Commission and subject to its orders and directions', he is far more than an employee of the Finance Commission because of the many powers and duties given him directly by the Legislature which are not subject to the control of the Finance Commission.
Id. at 430. The court gave no examples of powers and duties of the Banking Commissioner not subject to control of the Finance Commission. Because we find no instance in which the legislature stated explicitly that a power or duty of the Banking Commissioner was not subject to the control of the Finance Commission, we must conclude that the Supreme Court found that limitation on the power of the Finance Commission to be implicit in certain statutes granting specific powers to or imposing specific duties on the Banking Commissioner. To answer your question, then, it is necessary to determine whether hiring decisions of the Banking Commissioner or his subordinate Banking Department employees are subject to the control of the Finance Commission.
The only statute other than article 342-201 that deals in any detail with employees of the Banking Department is article 342-213, V.T.C.S., which provides:
 1. The Banking Commissioner or his designee shall develop an intraagency career ladder program, one part of which shall be the interagency posting of all nonentry level positions for at least 10 days before any public posting.
 2. The Banking Commissioner or his designee shall develop a system of annual performance evaluations based on measurable job tasks. All merit pay for Banking Department employees must be based on the system established under this section.
 3. The Banking Commissioner shall prepare and maintain a written plan to assure implementation of a program of equal employment opportunity whereby all personnel transactions are made without regard to race, color, disability, sex, religion, age, or national origin. The plans shall include:
 (1) a comprehensive analysis of all the agency's work force by race, sex, ethnic origin, class of position, and salary or wage;
 (2) plans for recruitment, evaluation, selection, appointment, training, promotion, and other personnel policies;
 (3) steps reasonably designed to overcome any identified underutilization of minorities and women in the agency's work force; and
 (4) objectives and goals, timetables for the achievement of the objectives and goals, and assignments of responsibility for their achievement.
The plans shall be filed with the Governor's office within 60 days of the effective date of this Act, cover an annual period, and be updated at least annually. Progress reports shall be submitted to the Governor's office within 30 days of November 1 and April 1 of each year and shall include the steps the agency has taken within the reporting period to comply with these requirements.
Reading those provisions with Chemical Bank in mind, we conclude that the conferral of such authority on the Banking Commissioner with respect to personnel matters indicates that the Finance Commission's role in regard to Banking Department personnel matters is limited to those powers and duties that are specifically imposed on the Finance Commission. See generally V.T.C.S. art. 342-201 (Finance Commission shall determine number and salaries of Banking Department employees in exempt positions); Id. arts. 342-202, 342-203, 342-204 (Finance Commission to set salaries for certain Banking Department positions); Attorney General Opinion JM-254 (fact that commissioners court authorizes positions and approves salaries of employees of county attorney does not prohibit county attorney from hiring relative of county commissioner, since commissioners court has no control over persons appointed to fill positions).
Because we conclude that hiring decisions of the Banking Commissioner are not subject to the control of the Finance Commission, we conclude that the nepotism statute does not prohibit the Banking Department from hiring the son of a member of the Finance Commission.
 SUMMARY
The nepotism statute, article 5996a, V.T.C.S., does not prevent the Banking Department from hiring the son of a member of the Finance Commission.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney Genera
 Rick Gilpin Chairman Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General