# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 20, 1991

Mr. Dennis R. Jones
Commissioner
Texas Department of Mental
  Health and Mental Retardation
P.O. Box 12668
Austin, Texas 78711-2668

Opinion No. DM-46

Re: Whether the Texas nepotism law, article 5996a, V.T.C.S., is violated when the superintendent of a Texas Department of Mental Health and Mental Retardation school awards a merit salary to his spouse, who is employed at the same facility (RQ-110)

Dear Mr. Jones:

You ask whether the Texas nepotism law, article 5996a, V.T.C.S., is violated when the superintendent of a Texas Department of Mental Health and Mental Retardation (MHMR hereinafter) school awards a merit salary increase to his spouse, who is employed at the same facility. You inform us of the following facts relevant to your question:

> Recently, this facility received accreditation from a nationally recognized body due in large part to the efforts of the employees of the school.

> In order to recognize those employees who performed exceptionally well, the superintendent established a committee to evaluate performance and recommend to him persons to receive merit salary increases. The superintendent was not a member of the committee and had no part in deciding to whom the merit salary increases would be awarded. The superintendent's spouse was recommended for and received a merit salary increase.

We conclude that the nepotism statute has been violated in this situation.

The superintendent of a facility of the Texas Department of Mental Health and Mental Retardation is an officer within the meaning of the Texas nepotism statute and may not employ a person who is related to him within the degree of kinship prohibited by article 5996a, V.T.C.S. Attorney General Opinion JM-91 (1983). There are exceptions to certain aspects of the nepotism law for persons who have been continuously employed prior to the election or appointment of the state officer who is related to the employee. V.T.C.S. art. 5996a, § 1(b), (c); Attorney General Opinion DM-2 (1991). Because we are informed that the superintendent's spouse was employed at the facility at least 30 days before the superintendent was appointed, the employment of the superintendent's spouse in the same facility is not a violation of section 1(a) of the nepotism statute. See V.T.C.S. art. 5996a, § 1(b)(1); Attorney General Opinions DM-2 (1991); JM-1188 (1990); see also Attorney General Opinion JM-636 (1987) (period of continuous service must be at a time when the employee's relative is not an officer with the power to hire and fire the employee). To answer your question, we must turn to section 1(c) of article 5996a.

Subsection (c) of section 1 of article 5996a describes permissible situations when an employer may participate in future employment decisions about a relative who is allowed to continue working pursuant to subsection (b):

> When a person is allowed to continue in an office, position, clerkship, employment, or duty because of [sufficient prior continuous service,] . . . the . . . officer . . . who is related to such person in the prohibited degree shall not *participate in the deliberation or voting upon the* appointment, reappointment, employment, confirmation, reemployment, change in status, *compensation*, or dismissal of such person, *if such action applies only to such person and is not taken with respect to a bona fide class or category of employees.* (Emphasis added.)

We find that the superintendent must be deemed as a matter of law to have participated in the deliberation of the compensation of his spouse. This determination is based on the fact that the superintendent is statutorily empowered to fix the salaries of his employees. V.T.C.S. art. 3176. The applicability of the nepotism statute turns on whether the superintendent *may* exercise control of employment decisions. See *Pena v. Rio Grande City Consol. Indep. School Dist.*, 616 S.W.2d 658 (Tex. Civ. App.–Eastland 1981, no writ); Attorney General Opinions JM-1188 (1990); JM-581 (1986). The superintendent can not avoid participation in

matters regarding compensation by establishing a committee to recommend employees who deserve a salary increase, because the committee's recommendation can not abrogate or limit the superintendent's exclusive authority granted by statute. Hence, the superintendent's statutory authority to determine the salaries of facility employees is the legal equivalent of participation in the compensation of those employees within the meaning of section 1(c) of article 5996a.

We next consider whether the superintendent's participation in the compensation of his spouse applied only to his spouse and was not taken with respect to a bona fide class or category of employees. An officeholder may participate in decisions about the compensation of his relative without violating section 1(c) of the nepotism statute if the compensation is provided to at least one other employee and given with respect to a bona fide class or category of employees. *See, e.g.*, Attorney General Opinion MW-135 (1980). We are informed that the spouse is one of four state school employees who were awarded a merit salary increase in recognition of their contribution to the accreditation effort. Thus, we consider whether the superintendent's award of a merit salary increase to employees who "performed exceptionally well" in the accreditation effort is an "action taken with respect to a bona fide class or category of employees."

The question of what constitutes an action taken "with respect to a bona fide class or category of employees" was considered in Attorney General Opinion JM-1188, which determined that a sheriff could not promote his son and daughter even though they had sufficient prior continuous service to retain their jobs in the sheriff's office after their father became sheriff. (The son was promoted from deputy sheriff to sergeant, and the daughter was promoted from jailer to deputy sheriff.) That opinion states, "We do not think that the language regarding actions taken with respect to a bona fide category of employees was intended to give an officeholder's relatives the benefit of expectations created by custom or common practice." Thus, we see that custom or common practice cannot be the basis for deciding whether the merit salary increase was taken with respect to a bona fide category of employees.

The Committee on State Affairs bill analysis of Senate Bill 599 (committee substitute), the 1985 bill that added section 1(c) of article 5996a, states that the bill addresses the problem that an employer (who falls within an exception to the nepotism statute under section (b) and (c) because of continuous prior service) "is not precluded from participating in future employment decisions concerning his relative, such as promotions and raises." In other words, with the addition of section 1(c) to the nepotism statute, when an employee of a relative continues his

employment because of sufficient prior service, he need not be denied a promotion or raise if he is a member of a bona fide class or category to which such promotion or raise applies. The bill analysis gives one example of a decision appling to a bona fide class or category of employees -- "an across-the-board raise for all employees." An award is granted to only a select few employees. The question for consideration becomes what standard is used in the officeholder's action with respect to the bona fide class or category which received the award.

We think that "action taken with respect to a bona fide category of employees" means that an officeholder's action must be based on objective criteria, which do not allow for the preference or discretion of the officeholder. An example of such an action would be a decision to give a cost-of-living increase to all employees, Attorney General Opinion JM-1188 (1990), or an automatic salary increase or promotion based, for example, on years of service or level of education. We are now concerned with a salary increase awarded for "those who performed exceptionally well" after a MHMR school received national accreditation. Thus, in this case, the performance of an employee, as evaluated by the officeholder, determines his inclusion in the category of employees who received an award. We must determine whether the evaluation of the employees who became award recipients involved the subjectivity of the office holder.

Any decision to give a salary increase based on a performance evaluation contains an element of subjectivity. We find that because the decision to give a merit salary increase to recognize those who performed exceptionally well in the accreditation effort involved an evaluation of the employees' performance, a process which can never have all subjective factors eliminated, it was not "action taken with respect to a bona fide class or category of employees." As determined above, the superintendent "participated" in this evaluation; consequently, in spite of the fact that the recipients of that award were determined by a committee of which the superintendent was not a member, the superintendent is in violation of section 1(c) of the nepotism statute.

## SUMMARY

The nepotism law, article 5996a, V.T.C.S., is violated when the superintendent of a Texas Department of Mental Health Mental Retardation school awards a merit salary increase to his spouse, who is employed at the same facility.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kay H. Guajardo
Assistant Attorney General