**Eduardo PENA**

v.

**RIO GRANDE CITY CONSOLIDATED INDEPENDENT SCHOOL DISTRICT et al.**

No. 5577.

Court of Civil Appeals of Texas, Eastland.

April 16, 1981.

Roger H. Reed, Texas Rural Legal Aid, Rio Grande City, for appellant.

Glenn H. Ramey, Rio Grande City, Joe Hairston and John Aldridge, Staff Attys., Texas Ass'n of School Boards, Austin, for appellee.

McCLOUD, Chief Justice.

At issue is whether the Superintendent of the Rio Grande City Consolidated Independent School District is an officer of the school district subject to the prohibition against official nepotism found in Tex.Rev. Civ.Stat.Ann. art. 5996a (Vernon Supp. 1980–81). Eduardo Pena brought suit against the District, its Board of Trustees,

the Superintendent of Schools, Antonio Garcia, and Garcia's wife, who had been employed by the District as a teacher. Plaintiff alleged in his original petition that Garcia was hired as Superintendent of Schools on or about July 15, 1974, and as "chief administrative officer" of the District, he subsequently appointed his wife to a teaching position within the District. Defendants excepted to plaintiff's petition, asserting that plaintiff failed to allege a cause of action. Defendants' special exception urged that the Superintendent of Schools is merely an employee of the District and not an officer within the meaning of Article 5996a. The court sustained defendants' special exception, and upon plaintiff's refusal to amend, dismissed the suit with prejudice. Plaintiff appeals. We affirm.

Tex.Rev.Civ.Stat.Ann. art. 5996a (Vernon Supp.1980–81) provides in part:

No officer of this State nor any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, nor any officer or member of any State district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any General or Special Law of this State, nor any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever. . . .

Article 5996b provides:

The inhibitions set forth in this law shall apply to and include the Governor, Lieutenant Governor, Speaker of the House of Representatives, Railroad Commissioners, head of departments of the State government, judges and members of any and all Boards and courts established by or under the authority of any general or special law of this State, members of the Legislature, mayors, commissioners, recorders, aldermen and members of school boards of incorporated cities and towns, public school trustees, officers and members of boards of managers of the State University and of its several branches, and of the various State educational institutions and of the various State eleemosynary institutions, and of the penitentiaries. This enumeration shall not be held to exclude from the operation and effect of this law any person included within its general provisions.

Tex.Educ.Code Ann. § 23.26 provides in part:

(b) The trustees shall have the exclusive power to manage and govern the public free schools of the district.

Tex.Educ.Code Ann. § 23.28(a) provides:

(a) The board of trustees of any independent school district may employ by contract a superintendent, a principal or principals, teachers, or other executive officers for a term not to exceed the maximum specified in this section.

█ We think it is apparent from the above quoted sections of the Texas Education Code that the board of trustees has the exclusive right and sole legal authority to appoint or employ teachers. See *Hix v. Tuloso-Midway Independent School District*, 489 S.W.2d 706 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.). A superintendent's recommendation to the school board concerning the appointment of teachers, even when consistently followed, cannot abrogate or limit the exclusive authority granted by statute to the board of trustees.

█ A superintendent is merely an employee or agent of the school board, and is not an "officer" under Articles 5996a and 5996b. Our Supreme Court in *Aldine Independent School District v. Standley*, 154 Tex. 547, 280 S.W.2d 578 (1955), held that a

school district tax assessor-collector appointed by the board of trustees was only an agent or employee of the school board, and was not an officer under Article XVI, Section 30 of the Texas Constitution, even though then Article 2791 stated, "There is hereby created the office of assessor and collector of each independent school district. . . ." The court noted that the school trustees were granted the power to appoint its assessor-collector; there was no fixed term of office; no provision was made for removal; the tax assessor-collector was not required to take an oath; his qualifications were to be determined by the board; and his compensation was to be fixed by agreement between the board and the person appointed. The Court stated that it was obvious that an assessor-collector of taxes was not of equal power and privilege with the trustees, and that the board alone had the power to levy and cause the collection of taxes. The court also stated that status as an officer is determined by "whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public *largely independent of the control of others.*" See also *Green v. Stewart*, 516 S.W.2d 133 (Tex.1974); *Harris County v. Schoenbacher*, 594 S.W.2d 106 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n. r. e.); *City of Groves v. Ponder*, 303 S.W.2d 485 (Tex.Civ.App.—Beaumont 1957, writ ref'd n. r. e.). We think the reasoning applied in *Standley* is appropriate to the instant case. A school superintendent merely performs functions delegated to him by the trustees who do not by such delegation abdicate their statutory authority or control.

We disagree with Tex.Att'y Gen.Op. No. MW–56 (1979) which states that a school superintendent is an officer for purposes of the nepotism statutes, and that each individual case must be examined to determine whether a particular superintendent's recommendation, because of custom or practice, rises to the level of de facto control over the hiring of teachers. As previously stated, we think the superintendent is not an officer for these purposes, and authority and control over the hiring of teachers remains vested by statute in the board of trustees.

We have considered all points of error, and all are overruled. The judgment of the trial court is affirmed.