

# The Attorney General of Texas

JIM MATTOX
Attorney General

December 31, 1984

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Raymon L. Bynum
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas    78701

Opinion No. JM-288

Re: Whether an individual employed in some capacity by school district for more than two years but promoted to school principal ten months before her husband became a trustee may continue to serve as principal

Dear Commissioner Bynum:

You request an interpretation of the nepotism statute, article 5996a, V.T.C.S.  You ask:

> Must the Board of Trustees of San Benito Consolidated Independent School District [hereinafter San Benito CISD] terminate from all employment with the district a school principal who had served as school principal for only ten months when her husband was elected to the San Benito CISD Board of Trustees when, prior to her appointment as principal, she had served continuously as a school supervisor with San Benito CISD for a period of time in excess of 24 months?

The San Benito School District does not offer continuing contracts, under which a teacher is entitled to "continue in his position or a position with the school district" without the necessity for annual reappointment.  Educ. Code §13.107.  (Emphasis added).  Therefore, we need not consider how to reconcile the nepotism statute with the continuing contract provisions of the Education Code.  See New Mexico State Board of Education v. Board of Education of Alamogordo Public School District, 624 P.2d 530 (N.M. 1981).

The relevant portion of the nepotism statute, article 5996a, V.T.C.S., reads as follows:

> No officer of this State nor any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, nor

p. 1277

> any officer or member of any State district,
> county, city, school district or other municipal
> board . . . shall appoint, or vote for, or confirm
> the appointment <u>to any office, position, clerk-
> ship, employment o;: duty</u>, of any person related
> within the second degree by affinity or within the
> third degree by consanguinity to the person so
> appointing or so voting, or to any other member of
> any such board, the Legislature, or court of which
> such person so appointing or voting may be a
> member, when the salary, fees, or compensation of
> such appointee is to be paid for, directly or
> indirectly, out of or from public funds or fees of
> office of any kind or character whatsoever;
> provided, that nothing herein contained, nor in
> any other nepotism law contained in any charter or
> ordinance of any municipal corporation of this
> State, shall prevent the appointment, voting for,
> or confirmation of <u>any person who shall have been
> continuously employed in any such office,
> position, clerkship, employment or duty for a
> period of two (2) years prior to the election or
> appointment of the officer or member appointing</u>,
> voting for, or confirming the appointment, or to
> the election or appointment of the officer or
> member related to much employee in the prohibited
> degree. (Emphasis added).

This statute prohibits a school board from employing or con-
firming the employment of a person related to a school trustee within
the second degree by affinity. The school principal is related to her
husband by affinity within a prohibited degree. Attorney General
Opinion V-785 (1949). An exception within the nepotism statute allows
the continued service of "any person who shall have been continuously
employed in any such office, position, clerkship, employment or duty"
for two years prior to the election of his relative to the school
board. When the language of a statute is plain and unambiguous, it
must be given effect according to its terms. <u>Board of Insurance
Commissioners of Texas v. Guardian Life Insurance Co. of Texas</u>, 180
S.W.2d 906 (Tex. 1944). The exception applies only where the employee
has been continuously employed for two years in the "office, position,
clerkship, employment or duty" held when his relative becomes a school
board member. See Letter Advisory No. 151 (1978).

In our opinion, when the board takes action to reassign an
employee to enhanced responsibilities, it has appointed him to an
"office, position, clerkship, employment or duty." The employee's
length of continuous service for purposes of the nepotism law will be
determined from the time of that board action, rather than from its

initial hiring of the employee. However, we do not believe that an adjustment in employee duties or a change in job responsibilities made at an administrative level below the board will constitute appointment to a new position for purposes of computing the two-year proviso. The nepotism law is concerned with the relationship between board members and the individual employee; the board's action to appoint an employee to a position involving increased authority or additional salary is the significant event. Changes in responsibilities and job descriptions made by administrators subordinate to the board do not interrupt the employment relationship established when the board first hired the employee and thus do not start a new two-year period running.

In the present case, school board action was necessary to promote the employee from school supervisor to principal. Section 23.28 of the Education Code governs the employment of school principals in school districts which have not adopted the continuing contract law.

> (a) The board of trustees of any independent school district may employ by contract a superintendent, a principal or principals, teachers, or other executive officers for a term not to exceed the maximum specified in this section.

The hiring decisions are within the exclusive authority of the board of trustees. Pena v. Rio Grande City Consolidated Independent School District, 616 S.W.2d 658 (Tex. Civ. App. - Eastland 1981, no writ).

Since the school board appointed the employee in this case to the position of principal only ten months before her husband joined the board, her employment as principal is not protected by the two-year proviso. Article 5996a, V.T.C.S., forbids the board from taking any action to rehire her or confirm her employment as school principal. She may finish out her contract, but she may not enter into a new contract as principal with the school board on which her husband serves. Attorney General Opinions MW-286 (1980); M-857 (1971). Of course, if her husband resigns or otherwise leaves his position on the board before her contract is to be renewed, the board may continue her as principal.

She may, however, be reinstated under certain conditions to her former position as school supervisor, because such reinstatement is not an appointment to a position of enhanced status and authority which is the object of the nepotism statute's proscription. Her reinstatement to the school supervisor position may be deemed to fall within the two-year proviso to the extent that her contractual duties as principal, apart from the status and enhanced authority of that office, reflect continuity with her duties as school supervisor. Whether such continuity exists is essentially a factual matter which

this office cannot resolve. We believe that it would be contrary to the purpose of the statute to deprive a public employee in these circumstances of the protection of the proviso when the ultimate resolution of her employment position involves an actual demotion in rank and responsibility.

Attorney General Opinion V-1142 (1951) appears to have reached a conclusion inconsistent with our conclusion. This opinion concerned a county employee whose brother was elected to the commissioners court. Prior to the time his brother took office, the employee had served the county continuously for twenty-five months, first with the county terracing committee and then with the road and bridge department in Precinct No. 2. The opinion concluded that the individual was "continuously employed by the county in one capacity or another" for the requisite period, and he could therefore keep his job after his brother's assumption of office. It did not expressly consider whether the assignment to the road and bridge committee constituted an appointment by the commissioners court to an enhanced position, employment, or duty within the language of the two-year proviso. It did not state whether this job change was by action of the commissioners court or a lower-level administrator. Implicitly the opinion indicates that the change in positions with the county involved no promotion in status, authority, and responsibilities. We so construe Attorney General Opinion V-1142 and accordingly find it not inconsistent with this opinion.

## SUMMARY

The exception to the nepotism statute for employees with two years of continuous service prior to their relative's election to the board does not apply to a long-term school district employee appointed as school principal by the board ten months before her husband became a board member. Under the circumstances, the employee may, however, be reinstated to her former, lower-level position with the school district.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Robert Gray