

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX                    May 17, 1990
ATTORNEY GENERAL

Mr. Kenneth W. Littlefield      Opinion No. JM-1175
Commissioner
Texas Department of Banking     Re:  Whether the Department of
2601 N. Lamar Boulevard         Banking may  hire the son of a
Austin, Texas  78705-4294       member of the Finance  Commis-
                                sion  (RQ-1999)

Dear Mr. Littlefield:

    You ask whether the Banking Department may hire the son
of a member of the Finance Commission as a hearings officer.
We assume from your letter that the position in question  is
a classified position.

    The applicability of  the  nepotism  statute,  article
5996a, V.T.C.S., depends on  whether the Finance  Commission
may exercise control over  the hiring decision in  question.
Pena v. Rio  Grande City  Consol. Indep.  School Dist., 616
S.W.2d  658  (Tex.  Civ.  App.  -  Eastland,  1981).    The
relationship between  the  Finance Commission,  the  Banking
Commissioner, and  the  Banking  Department is  described  in
part in article 342-201, V.T.C.S., which provides:

>     By and with the advice and consent of  the
> Senate, the Finance  Commission, by at  least
> five (5)  affirmative  votes, shall  elect  a
> Banking Commissioner who  shall serve at  the
> pleasure of the Finance Commission,  provided
> that the Banking  Commissioner first  elected
> shall take office  at the  expiration of  the
> term  of  office  of  the  present  Banking
> Commissioner.  Said  Banking  Commissioner
> shall  be  an  employee  of  the  Finance
> Commission and  subject  to  its  orders  and
> directions.  The  Banking Commissioner  shall
> receive such compensation as is fixed by  the
> Finance  Commission.   The  salary  of  an
> employee of  the  Banking Department  in  any
> other exempt  position  may  not  exceed  the
> amount that is $2,000 less than the salary of
> the      Commissioner.      The      Position
> Classification Act of 1961 (Article  6252-11,
> Vernon's Texas Civil  Statutes) applies to  a

position of the Banking Department only if it is classified in groups 1-10 under the position classification plan in effect on January 1, 1989, or comparable positions under any successor plan. The legislature in the General Appropriations Act may determine the total amount appropriated to the Banking Department but may not determine the number or salaries of employees of the Banking Department in exempt positions. The Finance Commission, subject to the limits provided by this article, shall determine the number of employees of the Banking Department in exempt positions and the salaries of those employees. The Banking Department may use funds appropriated to it for any purpose to pay the salaries determined by the Finance Commission. (Emphasis added.)

The statement that the Banking Commissioner is subject to the orders of the Finance Commission would seem to indicate that all decisions, including hiring decisions, by the Banking Commissioner or subordinate Banking Department employees are subject to review by the Finance Commission. If that were so, the nepotism statute would prohibit the Banking Department from hiring the son of a member of the Finance Commission. See Pena, supra. The Texas Supreme Court, however, has rejected such a broad interpretation of the Finance Commission's authority over the Banking Commissioner. In Chemical Bank & Trust Co. v. Falkner, 369 S.W.2d 427 (Tex. 1963), the court determined that the Banking Commissioner was a state officer, rather than an employee, for purposes of article 1733, V.T.C.S. In reaching that decision the court wrote:

While the statute does say the Banking Commissioner is an 'employee of the Finance Commission and subject to its orders and directions', he is far more than an employee of the Finance Commission because of the many powers and duties given him directly by the Legislature which are not subject to the control of the Finance Commission.

Id. at 430. The court gave no examples of powers and duties of the Banking Commissioner not subject to control of the Finance Commission. Because we find no instance in which the legislature stated explicitly that a power or duty of the Banking Commissioner was not subject to the control of the Finance Commission, we must conclude that the Supreme Court found that limitation on the power of the Finance Commission to be implicit in certain statutes granting

specific powers to or imposing specific duties on the Banking Commissioner. To answer your question, then, it is necessary to determine whether hiring decisions of the Banking Commissioner or his subordinate Banking Department employees are subject to the control of the Finance Commission.

The only statute other than article 342-201 that deals in any detail with employees of the Banking Department is article 342-213, V.T.C.S., which provides:

> 1. The Banking Commissioner or his designee shall develop an intraagency career ladder program, one part of which shall be the intraagency posting of all nonentry level positions for at least 10 days before any public posting.
>
> 2. The Banking Commissioner or his designee shall develop a system of annual performance evaluations based on measurable job tasks. All merit pay for Banking Department employees must be based on the system established under this section.
>
> 3. The Banking Commissioner shall prepare and maintain a written plan to assure implementation of a program of equal employment opportunity whereby all personnel transactions are made without regard to race, color, disability, sex, religion, age, or national origin. The plans shall include:
>
> (1) a comprehensive analysis of all the agency's work force by race, sex, ethnic origin, class of position, and salary or wage;
>
> (2) plans for recruitment, evaluation, selection, appointment, training, promotion, and other personnel policies;
>
> (3) steps reasonably designed to overcome any identified underutilization of minorities and women in the agency's work force; and
>
> (4) objectives and goals, timetables for the achievement of the objectives and goals, and assignments of responsibility for their achievement.

> The plans shall be filed with the Governor's office within 60 days of the effective date of this Act, cover an annual period, and be updated at least annually. Progress reports shall be submitted to the Governor's office within 30 days of November 1 and April 1 of each year and shall include the steps the agency has taken within the reporting period to comply with these requirements.

Reading those provisions with Chemical Bank in mind, we conclude that the conferral of such authority on the Banking Commissioner with respect to personnel matters indicates that the Finance Commission's role in regard to Banking Department personnel matters is limited to those powers and duties that are specifically imposed on the Finance Commission. See generally V.T.C.S. art. 342-201 (Finance Commission shall determine number and salaries of Banking Department employees in exempt positions); Id. arts. 342-202, 342-203, 342-204 (Finance Commission to set salaries for certain Banking Department positions); Attorney General Opinion JM-254 (fact that commissioners court authorizes positions and approves salaries of employees of county attorney does not prohibit county attorney from hiring relative of county commissioner, since commissioners court has no control over persons appointed to fill positions).

Because we conclude that hiring decisions of the Banking Commissioner are not subject to the control of the Finance Commission, we conclude that the nepotism statute does not prohibit the Banking Department from hiring the son of a member of the Finance Commission.

### S U M M A R Y

> The nepotism statute, article 5996a, V.T.C.S., does not prevent the Banking Department from hiring the son of a member of the Finance Commission.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General