

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 9, 1992

Honorable Jesusa Sanchez-Vera
Jim Wells County Attorney
P. O. Drawer 2080
Alice, Texas 78333

Opinion No. DM-163

Re: Whether the executive director of a municipal housing authority is subject to the nepotism statute, V.T.C.S. article 5996a (RQ-282)

Dear Ms. Sanchez-Vera:

You ask whether the executive director of a public housing authority is subject to the nepotism statute, V.T.C.S. article 5996a. We conclude that a person holding that position is not.

Section 1(a) of the nepotism statute states in pertinent part as follows:

> [n]o officer ... of any ... municipal subdivision of this State, nor any officer or member of any State district, county, city, ... or other municipal board ... shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity, as determined under Article 5996h, Revised Statutes, to the person so appointing or so voting, or to any other member of any such board, ... of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever.

V.T.C.S. art. 5996a, § 1(a). By its terms, section 1(a) applies only to officers who have the authority to hire personnel. Thus, to decide whether the executive director of a municipal housing authority is subject to the nepotism statute, and thereby precluded from appointing to any position any person related to the executive director within the second degree by affinity or within the third degree by

consanguinity, we must examine the municipal housing authority's (the "authority") enabling act to determine the executive director's scope of authority.

Chapter 392 of the Local Government Code creates an authority in each municipality of the state. Local Gov't Code § 392.011(a). An authority is composed of five commissioners whom the mayor appointed upon receiving notice from the municipality's governing body declaring the need for an authority. *Id.* § 392.031(a). The code authorizes the authority to employ a secretary, who shall serve as executive director of the authority. *Id.* § 392.038. The code also authorizes the authority to employ, on a permanent or temporary basis, technical experts and any other employees the authority considers necessary. *Id.*

Chapter 392 does not specify any of the duties or powers an executive director, or any other employees of the authority, shall have. Rather, the code requires the authority to determine the qualifications, duties, and compensation of all persons it employs. *Id.* The authority may delegate to any of its employees those powers and duties it considers proper to delegate. *Id.* § 392.051(c).

Thus, while the executive director of an authority may perform functions the authority has chosen to delegate to him or her, the code itself confers no duties or functions on the executive director. *Id.* § 392.051(c); *cf.* Attorney General Opinion JM-91 (1983) at 2. As to those functions the authority delegates to the executive director, the authority does not "by such delegation abdicate [its] statutory authority or control." *See Pena v. Rio Grande City Consol. Indep. Sch. Dist.*, 616 S.W.2d 658, 660 (Tex. Civ. App.--Eastland 1981, no writ); Babcock & Collins, *Local Government Law*, 36 Sw. L.J. 471, 509 (1982) (summarizing *Pena*). Because the legislature has vested the power to hire in the authority and not in the executive director, the executive director cannot be subject to the nepotism statute. *See generally Pena*, 616 S.W.2d 658; Babcock & Collins, *supra*, 36 Sw. L.J. at 509-10; Letter Advisory No. 148 (1977).

## S U M M A R Y

Because an executive director has no statutory authority to hire personnel, he or she is not subject to the nepotism statute, V.T.C.S. article 5996a.

Very truly yours,

**DAN  MORALES**
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General