

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 17, 1993

Honorable John W. Segrest
Criminal District Attorney
McLennan County
219 North Sixth Street, Suite 200
Waco, Texas 76701

Opinion No. DM-208

Re:  Whether a person related to a district judge within the degree prohibited by the nepotism statute, V.T.C.S. article 5996a, can take employment with a community supervision and corrections department without causing a violation of the nepotism statute in light of the provisions of article 42.131 of the Code of Criminal Procedure   (RQ-473)

Dear Mr. Segrest:

You have asked us to determine whether, in light of the provisions of the Code of Criminal Procedure article 42.131, the director of a community supervision and corrections department may hire, without causing a violation of the state nepotism statute, V.T.C.S. article 5996a, a person related to a district judge who sits in the same county as the community supervision and corrections department. Your question is based on the following facts:

1.  McLennan County has four district courts, . . . each of which can be considered as "trying criminal cases" in th[e] judicial district;

2.  On January 1, 1987, one district judge took office after his election the previous November, and continues to serve to this date;

3  On September 12, 1988, all of the judges appointed [a] . . . Director [of the community supervision and corrections department in McLennan County], a position [the same person] holds to this date;

. . . .

5.  On May 1, 1990, the Director hired the employee in question;

6.  The Employee is a nephew of the Judge, being the son of the Judge's natural brother, and is thus related within the third degree of consanguinity.

We understand that you have received conflicting opinions, one from the general counsel of the Texas Department of Criminal Justice and one from an attorney who has represented McLennan County in civil matters, on whether the director's hiring of the judge's nephew constitutes a nepotistic hiring. We conclude that the hiring is not nepotistic.

Section 1(a) of the nepotism statute, V.T.C.S. article 5996a, states in pertinent part as follows:

> [n]o officer ... of any ... municipal subdivision of this State, nor any officer or member of any State district, county, city, ... or other municipal board, or judge of any court, created by or under authority of any General or Special Law of this State, ... shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related ... within the third degree by consanguinity, as determined under Article 5996h, Revised Statutes, to the person so appointing or so voting, or to any other member of any such board, ... of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds ... of any kind or character whatsoever.

By its terms, section 1(a) applies only to officers or judges who have actual, statutory authority to hire personnel. Attorney General Opinion DM-163 (1992) at 1. A person with such authority does not, even if the person attempts to delegate the authority to another, "abdicate [its] statutory authority or control." *See Pena v. Rio Grande City Consol. Indep. Sch. Dist.*, 616 S.W.2d 658, 660 (Tex. Civ. App.--Eastland 1981, no writ); Babcock & Collins, *Local Government Law*, 36 SW. L.J. 471, 509 (1982) (summarizing *Pena*). Thus, to determine whether a community supervision and corrections department (the department) lawfully may employ the nephew[1] of a district judge who tries criminal cases in the same county as the department, we must consider who has actual, statutory authority to appoint personnel for the department.

Article 42.131 of the Code of Criminal Procedure pertains to the establishment of community supervision and corrections departments. The article reads in pertinent part as follows:

### Establishment of Departments

> Sec. 2. (a) The ... district judges trying criminal cases in each judicial district in the state shall establish a community supervision and corrections department *and employ district personnel as may be necessary* to conduct presentence investigations and risk

---

[1]Here, as you have stated, the district judge is related within the third degree of consanguinity to the department employee, the son of the judge's natural brother. *See* V.T.C.S. art. 5996h, § 4(a)(3).

assessments, supervise and rehabilitate probationers, enforce the terms and conditions of probation, and staff community corrections facilities. Both the district judges trying criminal cases and the judges of statutory county courts trying criminal cases that are served by a community supervision and corrections department are entitled to participate in the management of the department.

. . . .

### Department Director

Sec. 4. The . . . judges shall appoint a department director. *The department director shall employ a sufficient number of officers and other employees to perform the professional and clerical work of the department.* [Emphasis added.]

Obviously, the emphasized portions of sections 2 and 4 are inconsistent: section 2 requires the district judges to employ the personnel necessary to perform all of the tasks a department is to perform, while section 4 requires the judges only to appoint a department director, who, in turn, is required to employ all other necessary personnel.

We examined a similar statute in Attorney General Opinion DM-79 (1992). In that opinion, we were asked to determine whether the Brazos County Juvenile Board has the authority to hire employees of the Brazos County Juvenile Probation Department after the juvenile board has employed a chief juvenile probation officer. Attorney General Opinion DM-79 at 1. Section 152.0007(1) of the Human Resources Code, which defines the duties of the juvenile board, requires a juvenile board to "employ personnel to conduct probation services, including a chief probation officer and, if more than one officer is necessary, assistant officers." On the other hand, section 152.0008(a) of the Human Resources Code provides that the chief juvenile probation officer "*may* appoint necessary personnel *with the approval of the board.*" (Emphasis added.) Additionally, section 152.0271(e) of the Human Resources Code provides that "[t]he chief juvenile probation officer may set the salaries and allowances of juvenile probation personnel *with the approval of the board.*" (Emphasis added.) Given the applicable provisions of the Human Resources Code, the requestor was uncertain as to whether the board or the chief probation officer is required to employ other members of the department, or if that duty may vary at the juvenile board's discretion. *Id.* at 2.

We determined that section 152.0008(a) delegates to the chief juvenile probation officer the authority to hire assistant juvenile probation officers and other employees subject to the juvenile board's approval. *Id.* Thus, while the juvenile board's authority with respect to hiring personnel is limited to approving or rejecting the chief juvenile probation officer's hiring decisions, it retains the actual authority for hiring personnel. *Id.* at 2-3. Section 152.0007(1), which requires a juvenile board to "employ" personnel, requires a juvenile board only to compensate, not to hire, personnel. *Id.* at 3. These

determinations, together with the juvenile board's role under a predecessor statute, led us to conclude that the juvenile board, not the chief juvenile probation officer, was the appointing authority for purposes of section 152.0008(b) of the Human Resources Code, which empowers the "appointing authority" to terminate juvenile probation officers. *Id.* at 4.

Article 42.131 of the Code of Criminal Procedure differs in two significant respects from the sections of the Human Resources Code that we considered in Attorney General Opinion DM-79. First, article 42.131, section 4 requires a department director to employ officers and employees as necessary to perform the department's professional and clerical work, whereas section 152.0008(a) merely authorizes the chief juvenile probation officer to hire assistant juvenile probation officers and other employees. Second, article 42.131, section 4 does not explicitly reserve to the district judges the power to approve the department director's employment decisions, whereas section 152.0008(a) requires the juvenile board to approve (or, implicitly, to reject) the chief juvenile probation officer's appointments.

The legislature added article 42.131 to the Code of Criminal Procedure in 1989. *See* Acts 1989, 71st Leg., ch. 785, § 3.02, at 3483-86. House Bill 2335, the bill that proposed adding article 42.131, made many changes in the structure of the criminal justice system at the state and local levels in an effort to alleviate prison and jail overcrowding. *See* Senate Comm. on Criminal Justice, Bill Analysis, C.S.H.B. 2335, 71st Leg. (1989); Attorney General Opinion JM-1185 (1990) at 1-3. Notably, while House Bill 2335 added article 42.131 to provide for the establishment of departments, it repealed section 10 of existing article 42.12 of the Code of Criminal Procedure, which had provided for the establishment of local probation departments. *See* Acts 1989, 71st Leg., ch. 785, §§ 3.02, 4.17, at 3483, 3519-21; Attorney General Opinion JM-1131 (1989) at 2. Both the predecessor local probation departments and the current community supervision and corrections departments were or are designed generally to correspond geographically to judicial districts. *See* Code Crim. Proc. art. 42.12, § 10(a) (repealed by Acts 1989, 71st Leg., ch. 785, § 4.17, at 3519-21); *id.* art. 42.131, § 2(a); Attorney General Opinion JM-1131 at 2.

Prior to its repeal in 1989, section 10 of article 42.12 of the Code of Criminal Procedure provided in pertinent part as follows:

> (a) For the purpose of providing adequate probation services, the . . . district judges trying criminal cases in each judicial district in this state shall establish a probation office and *employ*, in accordance with standards set by the commission, *district personnel as may be necessary* to conduct presentence investigations, supervise and rehabilitate probationers, and enforce the terms and conditions of misdemeanor and felony probation. . . .

> (b) Where more than one probation officer is required, the ... judges shall appoint a chief adult probation officer or director, who, *with their approval,* shall appoint a sufficient number of assistants and other employees to carry on the professional, clerical, and other work of the court.

Acts 1989, 71st Leg., ch. 785, § 4.17, at 3519 (emphasis added). Under the now-repealed article 42.12, section 10 of the Code of Criminal Procedure, the district judges clearly had authority to appoint a chief adult probation officer or director; furthermore, the district judges clearly had authority to approve all of the chief adult probation officer's selections for employment. While much of the language of article 42.131, sections 2 and 4 of the Code of Criminal Procedure parallels the language of the now-repealed article 42.12, section 10(a), (b), article 42.131, section 4 does not reserve for the district judges any power of approval over the department director's employment selections.

We must, therefore, clarify the use of the word "employ" in sections 2(a) and 4 of article 42.131 of the Code of Criminal Procedure. Each section requires a particular entity to "employ" personnel to staff the local department; however, section 2(a) obligates the district judges trying criminal cases in each judicial district, while section 4 obligates the department director, whom the judges have appointed. We note that section 6(b) of article 42.131 of the Code of Criminal Procedure requires the judicial districts that receive services from a department to pay the salaries of department personnel. In our opinion, therefore, article 42.131 uses the term "employ" inconsistently. We believe that "employ" in the context of section 2(a) refers to the responsibility of the judicial district to compensate departmental personnel.[2] *See* Attorney General Opinion DM-79 at 3 (concluding that "employ" in section 152.0007(1) of the Human Resources Code refers only to providing compensation, not to hiring). On the other hand, "employ" in the context of section 4 refers to the department director's obligation to hire necessary personnel.

As article 42.131 provides the department director, not the district judges, with actual authority to hire officers and other employees necessary to perform the professional and clerical work of the department, no violation of the nepotism statute occurs if the department director hires a person related within the third degree of consanguinity to one of the district judges.

---

[2]We also believe that the judges trying criminal cases in a judicial district are authorized to determine the number of probation officers and other officers or employees that are necessary properly to staff the department. *See* Hearings on S.B. 1169 Before the Senate Comm. on Criminal Justice, 71st Leg. (Apr. 20, 1989) (transcript available from Senate Staff Services).

# S U M M A R Y

Article 42.131 of the Code of Criminal Procedure requires the director of a community supervision and corrections department to hire the officers and other employees necessary to perform the professional and clerical work of the department. The judges in the judicial district that the community supervision and corrections department serves appoint the director but have no further authority to hire or to approve the director's hiring of additional department personnel. The word "employ," as used in sections 2(a) and 4 of article 42.131 of the Code of Criminal Procedure, has two different meanings. In the context of section 2(a), "employ" refers to the responsibility of the judicial district to compensate department personnel. However, in the context of section 4, "employ" refers to the department director's obligation to hire necessary personnel.

Because the judges have no authority to hire or approve the hiring of department personnel other than the director, no violation of the nepotism statute, V.T.C.S. article 5996a, section 1(a), occurs if the department director hires a person related within the third degree of consanguinity to one of the judges in that judicial district.

Very truly yours,

**DAN MORALES**
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General