

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

November 18, 2003

Mr. Robert Scott
Chief Deputy Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-0123

Re: Applying the anti-nepotism laws, Government Code chapter 573, to an independent school district (RQ-0060-GA)

Dear Mr. Scott:

At the request of the Aldine Independent School District (the "District"), former Commissioner Alanis asked two questions about applying the anti-nepotism statutes, Government Code chapter 573, to an independent school district.[1] *See* TEX. GOV'T CODE ANN. ch. 573 (Vernon 1994 & Supp. 2004).

Chapter 573 regulates the appointment or employment of a public official's close relatives to positions within the official's appointment or confirmation authority. Section 573.041 prohibits a public official from appointing, confirming the appointment of, or voting to appoint or confirm

> an individual to a position that is to be directly or indirectly compensated from public funds or fees of office if:
>
> > (1) the individual is related to the public official within a degree described by [s]ection 573.002; or
> >
> > (2) the public official holds the appointment or confirmation authority as a member of a state or local board . . . and the individual is related to another member of that board . . . within a degree described by [s]ection 573.002.

*Id.* § 573.041 (Vernon 1994). Section 573.041(1) refers to "relationships within the third degree by consanguinity or within the second degree by affinity." *Id.* § 573.002; *see also id.* §§ 573.021-.025 (Vernon 1994 & Supp. 2004) (providing for determining relationships by consanguinity or by affinity). Appointments to certain positions are excepted, *see id.* § 573.061 (Vernon Supp. 2004), as well as appointments of individuals who have been continuously employed for a certain period

---

[1]Letter from Felipe T. Alanis, Commissioner of Education, Texas Education Agency, to Honorable Greg Abbott, Texas Attorney General (May 30, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

of time prior to the official's election or appointment, *see id.* § 573.062 (Vernon 1994). An ineligible individual who is appointed to a position, notwithstanding the prohibition, may not be paid for any work performed in the position: "A public official may not approve an account or draw or authorize the drawing of a warrant or order to pay the compensation of an ineligible individual if the official knows the individual is ineligible." *Id.* § 573.083.

Mr. Alanis's questions involve the appointment of two individuals, each related to District trustees within a prohibited degree. *See* Request Letter, *supra* note 1, at 1. The questions are based on an assumption that, with respect to a school district, the board members are the public officials to whom the statutory nepotism prohibition applies. Your general counsel has asked us to assume that the District school board has, consistently with section 11.163(a)(1) of the Education Code, "delegated to the superintendent the authority to" select personnel. *Id.*; Telephone Conversation with David Anderson, General Counsel, Texas Education Agency (July 29, 2003); *see* TEX. EDUC. CODE ANN. § 11.163(a)(1) (Vernon 1996).

Mr. Alanis asked first about the appointment and compensation of a bus driver. *See* Request Letter, *supra* note 1, at 1. We are informed that the District's transportation director offered a board member's daughter-in-law employment as a bus driver on January 11, 2001. *Id.* The "school board did not consider or act on the employment." *Id.* District officials terminated the individual's employment on September 18, 2001, after determining that it violated chapter 573 of the Government Code. *Id.* The next payday arrived on September 20, 2001, and the District asks whether it may compensate the bus driver as though she had been eligible for employment. *Id.*

A school district's board of trustees has "exclusive power and duty to govern and oversee the management" of a district's public schools, and it may adopt rules and bylaws as necessary to execute its powers. TEX. EDUC. CODE ANN. § 11.151(b), (d) (Vernon 1996). The board "may employ by contract a superintendent," who is the school district's "educational leader and . . . chief executive officer," for a term of no more than five years. *Id.* § 11.201(a)-(b) (Vernon Supp. 2004). Among other things, section 11.163 of the Education Code requires a school board to "adopt a policy providing for the employment and duties of district personnel," which must provide the superintendent with "sole authority to make recommendations to the board regarding the selection of all personnel other than the superintendent, *except that the board may delegate final authority for those decisions to the superintendent.*" *Id.* § 11.163(a)(1) (Vernon 1996) (emphasis added). A school district superintendent is also responsible for, among other duties, assigning and evaluating district personnel, and initiating an employee's termination or suspension. *See id.* § 11.201(d)(2)-(4) (Vernon Supp. 2004).

Although you do not ask whether the District correctly assumed that the bus driver's hiring violated section 573.041 of the Government Code, we believe that assumption should be examined. For purposes of chapter 573, a public official includes "an officer or member of a board . . . of a . . . school district." TEX. GOV'T CODE ANN. § 573.001(3)(B) (Vernon 1994). This definition has been interpreted to designate only an officer who may exercise authority over a governmental entity's appointment or employment decisions. *See Pena v. Rio Grande City Consol. Indep. Sch. Dist.*, 616 S.W.2d 658, 660 (Tex. Civ. App.–Eastland 1981, no writ); Tex. Att'y Gen. Op. Nos. JC-0336 (2001) at 3-4, JC-0193 (2000) at 3, DM-2 (1991) at 1. An officer is a person upon whom a

"sovereign function of the government [has been] conferred . . . to be exercised by him for the benefit of the public largely independent of" others' control. *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955); *see Pena*, 616 S.W.2d at 659-60 (applying *Aldine*'s definition of an officer to a nepotism issue); Tex. Att'y Gen. Op. No. JM-91 (1983) at 2 (same). A person with the authority to select personnel exercises a sovereign function. *See* Tex. Att'y Gen. Op. No. JM-72 (1983) at 6; *see also* Tex. Att'y Gen. Op. No. JM-91 (1983) at 2 (stating that the superintendent of a mental health and mental retardation facility, as the "person with the power to appoint the . . . staff and fix their salaries," is an officer for purposes of the nepotism laws).

In our opinion, a superintendent to whom a school board has delegated "final authority" to select personnel under section 11.163(a)(1) of the Education Code is a "public official" with appointment authority for purposes of section 573.041, Government Code. A superintendent who exercises final authority to select personnel exercises a sovereign function of the government largely independent of the school board's control. Our conclusion applies to the anti-nepotism laws' application only; we do not consider whether a school district superintendent is an officer for other purposes. *See* Tex. Att'y Gen. Op. No. JM-72 (1983) at 5.

Furthermore, a member of a school board that has delegated to the superintendent final authority for personnel selection is not a public official with appointment authority for purposes of section 573.041. Although the trustees are officers for other purposes and are members of the board, they have no vestigial authority to select district personnel. Accordingly, while the superintendent may not hire his or her relatives, section 573.041 does not prohibit the hiring of board trustees' relatives. *Cf.* Tex. Att'y Gen. Op. Nos. JC-0336 (2001) at 1-2 (stating that, for purposes of Government Code section 573.041, "a police chief who has, under a collective-bargaining agreement, final authority to appoint, reward, discipline, or demote employees" is a public official); JC-0193 (2000) at 3 (same); Tex. Att'y Gen. LO-95-012, at 2 (concluding that school board member's nephew may referee high school football games because the board has no control over the choice of referees).

We conclude that, unless the bus driver is also related to the superintendent within a degree prohibited by the anti-nepotism statute, she was lawfully employed and may be compensated for the work she performed. This conclusion is contingent upon the assumption that the District delegated final authority to select personnel to the superintendent.

Our conclusion is distinguishable from the conclusion that the Eastland Court of Civil Appeals reached in the 1981 *Pena* case. *See Pena*, 616 S.W.2d at 660. Relying on two statutes, one that provides trustees with "exclusive" authority to "manage and govern" the districts' public schools, and the second, which authorized a board to "employ by contract a superintendent, a principal or principals, teachers, or other executive officers," the court determined that a school board cannot delegate its statutory authority or control over personnel selection to the superintendent. *See id.* at 659-60; *see also* Act of June 2, 1969, 61st Leg., R.S., ch. 889, §§ 23.26(b), 23.28(a), 1969 Tex. Gen. Laws 2735, 2954, *repealed by* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 58(a)(1), 1995 Tex. Gen. Laws 2207, 2498 (formerly sections 23.26(b) and 23.28(a) of the Education Code). According to the court, the statutes provided the board with "the exclusive right and sole legal authority to appoint or employ teachers," and the board could not "abdicate" its statutory authority

to appoint or confirm personnel selections. *Pena*, 616 S.W.2d at 659-60. In addition, the court said, a superintendent may recommend certain individuals to the board, but no delegation of authority to the superintendent or others takes away the board's exclusive statutory authority: "A school superintendent merely performs functions delegated to him by the trustees who do not by such delegation abdicate their statutory authority or control." *Id.* at 660.

Since the 1981 *Pena* decision, the legislature has significantly revised relevant portions of the Education Code, providing a school district superintendent with increased authority. In 1995, for example, the legislature amended section 11.201(a) of the Education Code to change the superintendent's status from that of "administrative manager" to "chief executive officer" of the district. *Compare* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 1, sec. 11.201(a), 1995 Tex. Gen. Laws 2207, 2230, *with* Act of June 30, 1984, 68th Leg., 2d C.S., ch. 28, art. III, part F, § 1, sec. 13.351(a), 1984 Tex. Gen. Laws 117, 156. In the same year, germane to the issue here, the legislature adopted section 11.163(a)(1), which expressly authorizes a school board to delegate "final authority" to select personnel to the superintendent. *See* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 1, 1995 Tex. Gen. Laws 2207, 2230; TEX. EDUC. CODE ANN. § 11.163(a)(1) (Vernon 1996).

A school board that has delegated final authority under section 11.163(a) no longer has "the exclusive right and sole legal authority to appoint" or confirm personnel selections on which the *Pena* decision hinged. *See Pena*, 616 S.W.2d at 659-60. For this reason, the conclusion in *Pena* does not apply here.

Mr. Alanis asked second whether a public school superintendent may reassign a teacher who is related to a school trustee without action by the board. *See* Request Letter, *supra* note 1, at 1. Your predecessor provided us with the following facts: The school district employs a teacher whose father is a board member. *Id.* The District wants to know if the superintendent "may promote the teacher to a supervisory position (departmental chair) for which there is supplementary pay without action by the board." *Id.* This issue involves the reassignment of an employee, not a selection covered by section 11.163(a)(1).

The superintendent may reassign a trustee's relative to fill a department chair position, and the board is not authorized to act on the matter. Section 11.201(d) of the Education Code expressly reposes in the superintendent the duty to "assum[e] administrative authority and responsibility" for assigning and evaluating district personnel. TEX. EDUC. CODE ANN. § 11.201(d)(2) (Vernon Supp. 2004). The superintendent's duties listed in section 11.201(d) were adopted in 1995 by the same bill that authorized a school board to delegate final authority to select personnel to the superintendent. *See* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 1, secs. 11.163(a)(1), 11.201(d), 1995 Tex. Gen. Laws 2207, 2230-31. Because the District's school board has no authority to assign personnel, board members are not public officials for purposes of chapter 573, Government Code.

Mr. Alanis informed us that the teacher satisfied the continuous employment provision to the anti-nepotism statute, section 573.062 of the Government Code. *See* Request Letter, *supra* note 1, at 1; *see also* TEX. GOV'T CODE ANN. § 573.062 (Vernon 1994) (providing continuous employment exception). Because the board members are not the relevant public officials for determining the nepotism laws' applicability, this fact is irrelevant.

## S U M M A R Y

A school district that has delegated to the superintendent final authority to select personnel under section 11.163(a)(1), Education Code, may employ and compensate a bus driver related to a trustee within a prohibited degree under chapter 573 of the Government Code, unless the driver is also related within a prohibited degree to the superintendent. *See* TEX. EDUC. CODE ANN. § 11.163(a)(1) (Vernon 1996). The conclusion of *Pena v. Rio Grande City Consolidated Independent School District*, that a school district's superintendent is not a public official for purposes of chapter 573, Government Code, does not apply to a school board that has delegated final authority to select personnel to the district's superintendent. *See Pena v. Rio Grande City Consol. Indep. Sch. Dist.*, 616 S.W.2d 658, 660 (Tex. Civ. App.–Eastland 1981, no writ).

Because a superintendent has exclusive statutory authority to assign district personnel under section 11.201(d)(2) of the Education Code, he or she may reassign a trustee's relative to fill a departmental chair position. The board is not authorized to act on the reassignment, and board members are not, therefore, public officials for purposes of chapter 573, Government Code, with respect to the reassignment.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee