March 15, 2006

The Honorable Carlos Valdez
District Attorney
105th Judicial District
Nueces County Courthouse
901 Leopard, Room 206
Corpus Christi, Texas 78401-3681

Opinion No. GA-0415

Re: Whether the nepotism statute applies to a junior college district's employment of a person related to a member of the district's board of regents (RQ-0401-GA)

Dear Mr. Valdez:

You ask whether the nepotism statute, Government Code chapter 573, prohibits Del Mar College ("the college"), a two-year institution of higher education in Corpus Christi, from hiring an adjunct instructor who is related within a prohibited degree to a member of the College Board of Regents (the "board").[1] The college is governed by Education Code chapter 130, which applies to junior college districts. *See* Request Letter, *supra* note 1, at 3; *see also* TEX. EDUC. CODE ANN. ch. 130 (Vernon 2002 & Supp. 2005).

The nepotism statute prohibits public officials from employing individuals who are related to them within a certain degree of affinity or consanguinity. It provides in part:

> A public official may not appoint, confirm the appointment of, or vote for the appointment or confirmation of the appointment of an individual to a position that is to be directly or indirectly compensated from public funds or fees of office if:
>
> (1) the individual is related to the public official within a degree described by Section 573.002; or
>
> (2) the public official holds the appointment or confirmation authority as a member of a state or local board, the legislature, or a court and the individual is related to another member

---

[1] Letter from Honorable Carlos Valdez, District Attorney, 105th Judicial District, to Honorable Greg Abbott, Attorney General of Texas (Oct. 4, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

of that board, legislature, or court within a degree described by
Section 573.002.

TEX. GOV'T CODE ANN. § 573.041 (Vernon 2004); *see also id.* § 573.002 (degrees of relationship by affinity or consanguinity subject to chapter 573). Section 573.041 prohibits an individual public official from employing a relative within a degree described by Government Code section 573.002, and it prohibits all board members from employing an individual related to any board member within such prohibited degree. An individual who violates this provision is subject to removal and a charge of committing an offense involving official misconduct. *See id.* §§ 573.081, .084.

You state that the adjunct instructor is related within a prohibited degree to a member of the college board, but you argue that the board does not "appoint, confirm the appointment of, or vote for the appointment or confirmation of the appointment" of an adjunct instructor because the college president exercises that authority. *Id.* § 573.041. A board policy states that the board has delegated full power and authority to the president "to manage, control, and operate the college, except to the extent that such authority is required by law to be reserved to the Board," including authority to "employ faculty and all other employees of the district." DEL MAR COLLEGE, MANUAL OF POLICIES AND PROCEDURES, *Modified to show only Board of Regents directed policies*, ch. II, B2.3.1, B2.3.1.12 (updated July 7, 2004), *available at* http://www.delmar.edu/policymanual/boardpolicy/. You maintain that "the only person to whom the nepotism statutes apply in the normal course of board action would be the president of the college, who is responsible for employing faculty and other employees." Request Letter, *supra* note 1, at 2.

Education Code section 130.082 vests employment authority in the board. It provides in part that:

> Said board shall be authorized to appoint or employ such agents, employees, and officials as deemed necessary or advisable to carry out any power, duty, or function of said board; and to employ a president, dean, or other administrative officer, and upon the president's recommendation to employ faculty and other employees of the junior college.

TEX. EDUC. CODE ANN. § 130.082(d) (Vernon 2002).

Section 130.082(d), read in connection with the decision in *Pena v. Rio Grande City Consolidated Independent School District*, answers your question. *See Pena v. Rio Grande City Consol. Indep. Sch. Dist.*, 616 S.W.2d 658 (Tex. Civ. App.—Eastland 1981, no writ). In *Pena*, the school district superintendent's wife had been employed by the school district, and at issue was whether the superintendent was a school district official subject to the nepotism prohibition. *See Pena*, 616 S.W.2d 658. The court noted that the trustees had exclusive statutory authority to manage and govern the school and to employ teachers and administrators. It continued as follows:

> We think it is apparent from the above quoted sections of the Texas Education Code[2] that the board of trustees has the exclusive right and sole legal authority to appoint or employ teachers . . . . A superintendent's recommendation to the school board concerning the appointment of teachers, even when consistently followed, cannot abrogate or limit the exclusive authority granted by statute to the board of trustees.

*Pena*, 616 S.W.2d at 659. Moreover, "[a] superintendent is merely an employee or agent of the school board, and is not an 'officer'" under the nepotism provisions. *Id.* The superintendent "merely performs functions delegated to him by the trustees who do not by such delegation abdicate their statutory authority or control." *Id.* at 660.

*Pena* establishes generally that the nepotism statute applies to the officials with final statutory authority over employment decisions. As stated in *Pena*, the nepotism law applies to a "public official," defined to include "an officer or member of a board of this state or of a district, county, municipality, school district, or other political subdivision of this state." TEX. GOV'T CODE ANN. § 573.001(3)(B) (Vernon 2004). A member of a junior college board of trustees holds a public office and is thus a "public official" within the nepotism law. *See* TEX. EDUC. CODE ANN. § 130.082(e) (Vernon 2002) (election of board members to six year term); 130.084 (junior college district board shall be governed by law governing independent school districts to the extent applicable); *see also* Tex. Att'y Gen. LO-92-43 (junior college trustees are subject to the nepotism law).

In contrast to the junior college trustees, the president is an employee or agent of the board and not a "public official" within the nepotism law. *See* Tex. Att'y Gen. LO-92-43. Like the superintendent in *Pena*,[3] the junior college president has no statutory authority to hire faculty or other employees absent board approval. Section 130.082(d) vests authority to employ faculty and other employees in the board. *See* TEX. EDUC. CODE ANN. § 130.082(d) (Vernon 2002). The board members' delegation of employment authority to the college president does not "abdicate their statutory authority or control." *See Pena*, 616 S.W.2d at 660; Tex. Att'y Gen. Op. No. GA-0073 (2003) at 3 (because a university board of regents has exclusive hiring authority, the board members are public officials subject to the nepotism statute); DM-2 (1991) at 1 (applicability of the nepotism law depends on whether the officer may exercise control over hiring decisions); *see also* Tex. Att'y Gen. Op. No. GA-0123 (2003) at 4 (nepotism provisions do not apply to school board that has

---

[2]*Pena* cited Education Code sections 23.26(b) and 23.28(a), which were adopted in 1969 and repealed in 1995. *See* Act of June 2, 1969, 61st Leg., R.S., ch. 889, § 23.28, 1969 Tex. Gen. Laws 2735, 2954 (adopting the Texas Education Code). *See also* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 58(a)(1), 1995 Tex. Gen. Laws 2207, 2498 (repealing Education Code chapters 1 through 31 and 36). Section 23.26(b) was reenacted as Education Code section 11.151(b) and section 23.28 was revised and reenacted in part as section 11.201(b). *See* Act of May 27, 1995, *supra*, § 1, 1995 Tex. Gen. Laws 2207, 2227, 2230.

[3]Because of changes in the Education Code since *Pena* was handed down, its reasoning and conclusion no longer apply in all school districts. *See generally* Tex. Att'y Gen. Op. No. GA-0123 (2003).

delegated final hiring authority to superintendent pursuant to express statutory authority).  Although the board may not actually vote on employing the adjunct instructor, the nepotism statute applies as if it does.

Because the legislature has vested in the Board of Del Mar College final authority to employ faculty members and other employees, the state nepotism law prohibits the board from hiring as an adjunct instructor an individual related to a board member within a prohibited degree.  *See* TEX. GOV'T CODE ANN. § 573.041 (Vernon 2004).

## S U M M A R Y

A nepotism provision, Government Code section 573.041, prohibits Del Mar College from employing an adjunct instructor who is related within a prohibited degree to a member of the college district's Board of Regents. The board's delegation of employment authority to the college president does not insulate the board from the application of the nepotism law.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee