ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 27, 2006

The Honorable Richard Slack
Reeves County Attorney
Post Office Box 825
Pecos, Texas 79772

Opinion No. GA-0419

Re: Whether the nepotism statute is applicable to the employment of a sheriff's relative by a private company that operates a county detention center (RQ-0404-GA)

Dear Mr. Slack:

Your predecessor asked whether the nepotism statute is applicable to the employment of a sheriff's relative by a private company that operates a county detention center.[1] He informed us that the Reeves County Detention Center ("detention center") is a "prison facility under private management by the GEO Group, Inc. in compliance with section 351.103 of the Local Government Code." Request Letter, *supra* note 1, at 1. According to his request letter, the detention center is located "apart from and is completely separate from the County Jail that is managed by the Sheriff." *Id.* Information provided with the request letter indicates that the sheriff signed the management contract with the GEO Group and that the contract grants "authority to hire and terminate employees" at the detention center to the GEO Group. *See* Owens Letter, *supra* note 1, at 1. The sheriff's son applied for employment with the detention center but was rejected because of concerns that the employment may violate the nepotism laws. *See* Request Letter, *supra* note 1, at 1. Thus, we were specifically asked "[i]f a County contracts with a private vendor for the management of a County Detention Center under section 351.103 of the Local Government Code[,] would the Sheriff's son be disqualified from employment at the facility under the nepotism statutes."[2] *Id.*

---

[1]*See* Letter from Honorable Luis U. Carrasco, Reeves County Attorney, to Honorable Greg Abbott, Attorney General of Texas (Oct. 13, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter]; *see also* Letter from J. Lynn Owens, Reeves County Auditor, to Honorable Randall Reynolds, Reeves County District Attorney, 143d Judicial District (June 13, 2005) (attached to Request Letter) [hereinafter Owens Letter].

[2]The request letter inquired only about application of the nepotism statute. *See* Request Letter, *supra* note 1, at 1–2. Thus our opinion is limited to the scope of the requestor's question. However, because a contract between a county and a private organization for a private jail facility requires the approval of the sheriff, *see* TEX. LOC. GOV'T CODE ANN. § 351.101 (Vernon Supp. 2005), subsequent actions by the commissioners court regarding the contract may require the sheriff to consider the application of the conflict of interest statute. *See id.* §§ 171.001–.010 (Vernon 1999 & Supp. 2005) (chapter 171, Local Government Code).

The nepotism statute, found in chapter 573 of the Texas Government Code, prohibits a public official from employing a relative within a described degree. Specifically, it provides in relevant part that

> [a] public official may not appoint, confirm the appointment of, or vote for the appointment or confirmation of the appointment of an individual to a position that is directly or indirectly compensated from public funds or fees of office if:
>
> (1) the individual is related to the public official within a degree described by Section 573.002 . . . ;

TEX. GOV'T CODE ANN. § 573.041 (Vernon 2004); *see also id.* §§ 573.002 (degrees of relationship by affinity or consanguinity); 573.001(2) (defining "position" to include employment). A county sheriff is a public official subject to the nepotism laws. *See id.* § 573.001(3)(A) (defining public official to include county officers). A father and son are related to each other within the first degree of consanguinity proscribed by chapter 573. *See id.* § 573.002; *see also* Tex. Att'y Gen. Op. No. JM-801 (1987) at 1. If the nepotism statute applies to the sheriff under these circumstances, the detention center's employment of the sheriff's son would be prohibited.

"The applicability of the nepotism law depends on whether the officer may exercise control over hiring decisions." Tex. Att'y Gen. Op. No. DM-2 (1991) at 1 (citing *Pena v. Rio Grande City Consol. Indep. Sch. Dist.*, 616 S.W.2d 658 (Tex. Civ. App.—Eastland 1981, no writ)); *see also* Tex. Att'y Gen. Op. Nos. GA-0415 (2006) at 2–3; GA-0123 (2003) at 2. Section 573.041 applies to an officer who "may exercise control over hiring decisions, even if the officer refrains from confirming, appointing, or voting in a particular case," Tex. Att'y Gen. Op. No. GA-0226 (2004) at 2 (citing *Pena*, 616 S.W.2d at 659), or delegates the hiring decision to others. *See Pena*, 616 S.W.2d at 659–60; *see also* Tex. Att'y Gen. Op. Nos. GA-0226 (2004) at 2; GA-0073 (2003) at 2-3; DM-2 (1991) at 1. Thus, we must determine whether the sheriff has control over the hiring decisions of the detention center.

The detention center is operated and managed by the GEO Group under a contract between Reeves County and the GEO Group. *See* Request Letter, *supra* note 1, at 2. Your predecessor did not provide us with any particular language or provision but informed us that under the contract the GEO Group manages the detention center. *See id.* He informed us further that because "management of the facility has been contracted to the GEO Group[,] . . . the Sheriff does not have the power to hire or fire employees or to manage the facility." *Id.* In Opinion H-1210, this office considered a similar situation involving a contract between a city and a county and the hiring of a county commissioner's daughter. *See generally* Tex. Att'y Gen. Op. No. H-1210 (1978). The contract called for the city to operate the county-owned ambulance. *See id.* at 1. It required the city to provide an ambulance supervisor at a specified salary. *See id.* The city hired the county commissioner's daughter to be the ambulance supervisor. *See id.* When the daughter subsequently requested an increase in salary, the commissioners court refused to order a modification to the contract to provide for the increased salary because the commissioners court believed the order

would violate the nepotism statute. *See id.* This office stated that "[u]nder its contract with the city, [the] County has no right to control the employment of the ambulance supervisor" and opined that the commissioners court's action with respect to the salary would not violate the nepotism statute. *Id.* at 2. Similarly, this office concluded that the nepotism statute did not prohibit the spouse of a school district trustee from being employed by a private corporation that contracted with the school district to provide speech pathology services to the district. *See* Tex. Att'y Gen. LO-95-080, at 1 ("[T]he board votes on whether or not to enter into a contract with the private corporation . . . . [and] it is the corporation that is responsible for the appointment, supervision, and payment of the individual [employees].");  *see also* Tex. Att'y Gen. LO-92-052, at 2 ("The nepotism statute addresses the hiring of individual persons by a governmental body, and not a contract between a governmental body and a corporation that employs a number of people in various capacities."). Moreover, when addressing an analogous nepotism provision in the Texas Water Code, this office came to the same conclusion. *See* Tex. Att'y Gen. Op. No. JC-0585 (2002) at 3 (considering section 49.052, Water Code, and reasoning analogously that as "this office has pointed out in connection with section 573.041, a governmental body that contracts with a corporation does not vote to appoint or employ any particular individual to the corporation; rather, 'it is the corporation['s responsibility] to appoint, supervise, and pay its employees"). Because the Reeves County Detention Center is managed by the GEO Group, a private entity, under its contract with Reeves County, we do not believe the sheriff has authority over the employees of the Reeves County Detention Center.

We note that section 351.103, Local Government Code, does expressly provide for "regular, on-site monitoring by the sheriff." *See* TEX. LOC. GOV'T CODE ANN. § 351.103(2) (Vernon 2005). However, this authorization has been construed by this office to mean that the sheriff has "authority to evaluate the vendor's performance of the contract." Tex. Att'y Gen. Op. No. DM-86 (1992) at 2. The section does not grant the sheriff "authority to make or overrule decisions about the details of day-to-day operation[s]." *Id.; see also* 37 TEX. ADMIN. CODE § 297.12 (2005) (Texas Commission on Jail Standards) (listing nonexclusive "specifics of such on-site monitoring" to include resolution of disputes, disagreements or deficiencies).

We conclude that the nepotism statute does not apply to the sheriff in these circumstances. Accordingly, GEO Group, Inc. as the operator of the Reeves County Detention Center is not prohibited by section 573.041 from hiring the sheriff's son.

## S U M M A R Y

The nepotism statute does not apply to the employment of a sheriff's relative by a private company that operates a county detention center.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee