

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

December 4, 2015

The Honorable Ori T. White
Pecos County Attorney
103 West Callaghan
Fort Stockton, Texas 79735

Opinion No. KP-0045

Re: Whether nepotism laws prohibit a county hospital from employing a county judge's spouse (RQ-0030-KP)

Dear Mr. White:

You ask whether "the State's nepotism laws" prohibit the superintendent of the Pecos County Memorial Hospital (the "Hospital") from employing the county judge's spouse.[1] The state's prohibition on nepotism for a public official is in section 573.041 of the Government Code, which provides, in pertinent part, that

> [a] public official may not appoint, confirm the appointment of, or vote for the appointment or confirmation of the appointment of an individual to a position that is to be directly or indirectly compensated from public funds or fees of office if:
>
> (1) the individual is related to the public official within a degree described by Section 573.002.

TEX. GOV'T CODE § 573.041.[2] A county judge is a public official. TEX. CONST. art. V, § 15 (establishing the office of county judge); TEX. GOV'T CODE § 573.001(3)(A) (defining a "public official" for purposes of nepotism to include a county official). A husband and wife are related to each other in the first degree by affinity. Id. § 573.025(a). Thus, a county judge clearly may not appoint his or her spouse to a position paid with public funds without violating the nepotism statute. By its terms, however, the nepotism prohibition applies only to a public official with statutory appointment or confirmation authority over the position in question. See Pena v. Rio Grande City Consol. Indep. Sch. Dist., 616 S.W.2d 658, 659–60 (Tex. Civ. App.—Eastland 1981, no writ) (noting that a person with such authority does not, even if the person attempts to delegate the authority to another, "abrogate or limit" the person's statutory authority or control); Tex. Att'y Gen. Op. No. DM-163 (1992) at 1. Thus, to determine whether the employment about which you

---

[1]See Letter from Honorable Ori T. White, Pecos Cnty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1, 4 (June 18, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]See also TEX. GOV'T CODE § 573.002 (providing that applicable degrees of relationship are those "within the third degree by consanguinity or within the second degree by affinity").

ask is permissible, we consider whether the county judge has actual, statutory authority to hire a person to the position currently occupied by the judge's spouse.

County hospitals are governed by chapter 263 of the Health and Safety Code. *See generally* TEX. HEALTH & SAFETY CODE §§ 263.0001–.102. The general management and control of the hospital, "including . . . its officers and employees" belongs to the hospital's board of managers (the "Board"), an appointed group of county residents.[3] *Id.* § 263.046(a)(2). The Board appoints a superintendent to be "the chief executive officer of the hospital."[4] *Id.* § 263.072(a). He or she "has general supervision and control of . . . the internal affairs of the hospital, including discipline." *Id.* § 263.074(a)(3). The superintendent also "determine[s] the duties of . . . employees of the hospital" and may discharge them for cause "at [his or her] discretion." *Id.* § 263.076(b)–(c); *see also id.* § 263.074(b) (requiring the superintendent to "enforce the bylaws and rules adopted by the [Board] for the government, discipline, and management of the hospital and its employees and patients"). With regard to hiring staff, "resident officers and employees considered proper and necessary by the superintendent for the efficient performance of the hospital's business" shall be appointed by the superintendent "[w]ith the consent of the [Board]." *Id.* § 263.076(a). Thus, the superintendent holds the power to appoint hospital employees, as does the Board because it must "consent" to any such appointment. *See id.* § 263.076(a). Neither the commissioners court nor the county judge, however, holds such authority.[5] Because the county judge has no authority to hire Hospital employees, the nepotism statute does not prohibit the Hospital superintendent from employing the county judge's spouse.[6] *See* Tex. Att'y Gen. Op. No. GA-0595 (2008) at 5 (similarly concluding that where a city charter reserves no authority to the city commissioners to appoint employees below department-head level, the nepotism prohibition does not prevent a city manager from appointing a relative of a city commissioner to such a position).

Your second question is whether the county judge could take any particular steps "to avoid . . . a potential nepotism violation[,]" such as abstaining from voting on Hospital salary matters. Request Letter at 5. As we have concluded, the appointment by the superintendent of the county judge's spouse does not present a nepotism problem; therefore, we need not address its avoidance.

---

[3]"[A]t least six but not more than 12 residents of the county" are appointed to the Board to two-year terms by the commissioners court. TEX. HEALTH & SAFETY CODE § 263.041(a). Once appointed, however, "the [B]oard is not accountable on a day-to-day basis to the commissioners court." Tex. Att'y Gen. LO-97-100, at 1.

[4]The superintendent is appointed to his or her position by a hospital's board of managers and "holds office at the pleasure of the board." TEX. HEALTH & SAFETY CODE § 263.071(a).

[5]You tell us that the commissioners court "usually selects one Commissioner to serve on the board." Request Letter at 2. We caution that this practice may run afoul of the self-appointment aspect of the common-law doctrine of incompatibility. *See Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928); Tex. Att'y Gen. Op. No. GA-0580 (2007) at 2 (concluding that the commissioners court cannot appoint one of its own members to an office over which the commissioners court has general appointment authority).

[6]In Letter Opinion LO-89-50, this office concluded that the Tyler County Hospital District is precluded by the nepotism statute from employing the wife of the county judge. Tex. Att'y Gen. LO-89-50, at 2–3. In that instance, however, the county judge was statutorily obligated to serve on the hospital board. *Id.* at 1. In the present situation, the county judge does not serve on the hospital board.

However, your question appears to address issues regarding potential conflicts of interest based not on the nepotism prohibition of chapter 573 but, rather, on the fact of the familial relationship of marriage. While we do not attempt a comprehensive survey of all potentially applicable law, you identify two specific facts that merit brief discussion.

The first is that when the Board certifies "all bills and accounts, including salaries and wages" of the hospital, it "transmit[s] them to the commissioners court" for payment, which the commissioners court makes "in the same manner that other charges against the county are paid." TEX. HEALTH & SAFETY CODE § 263.053(b); *see also* TEX. LOC. GOV'T CODE § 115.021 (claims against the county are audited and settled by the commissioners court, who "shall direct the payment of those accounts"). Presumably, your concern is that the county judge would, in essence, be voting for the salary of his spouse through this process in contravention of the oath a county judge takes that he "will not be interested, directly or indirectly, in a . . . claim against the county except: (1) a contract or claim expressly authorized by law; or (2) a warrant issued to the judge or commissioner as a fee of office." TEX. LOC. GOV'T CODE § 81.002(a). However, this office has previously concluded that the oath of office taken by county judges and commissioners is not violated by sole virtue of the officer having a community-property interest in a salary claim against the county held by a spouse who is a county employee. *See* Tex. Att'y Gen. LO-93-008, at 3, Tex. Att'y Gen. Op. No. MW-437 (1982) at 3 (both concluding that a county commissioner does not violate an oath of office on account of a community-property interest in the salary earned from the county by a spouse). Thus, the mere fact that the county judge's wife's salary is among the group of claims being presented to the commissioners court for payment does not, by itself, constitute a violation of the county judge's oath.

Second, you note the Health and Safety Code provision that "the county judge of the county in which the hospital is located may vote to break a tie vote by the [Board]." TEX. HEALTH & SAFETY CODE § 263.042(b). You allude to the possibility that the Board could deadlock on a matter concerning the county judge's wife. Request Letter at 3–4; *see also* TEX. HEALTH & SAFETY CODE § 263.047(a) (providing that the Board "shall determine the salaries of the . . . employees of the hospital"); Request Letter at 3 (referring to the Hospital's personnel policy, pursuant to which the Board "can hear [employee] grievances and vote to resolve" them). The county judge, however, is merely authorized, and not required, to vote in order to break a tie. To avoid any appearance of impropriety, the judge could abstain from voting to break a tie vote of the Board. And because the Board may be composed of "at least six but not more than 12 residents of the county," the commissioners court could preclude the scenario above from occurring by appointing an odd number of persons to the Board. *See* TEX. HEALTH & SAFETY CODE § 263.041(a).

## S U M M A R Y

Because the county judge has no authority to hire employees of the Pecos County Memorial Hospital, the nepotism statute does not prohibit the superintendent of the Hospital from employing the spouse of the county judge.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee