

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

August 8, 2024

The Honorable Lisa Pence
Erath County Attorney
298 South Graham Avenue
Stephenville, Texas 76401

**Opinion No. KP-0471**

Re: Whether section 6.05(f) of the Tax Code bars the continued employment of the Chief Appraiser if his sibling is elected as the County Tax Assessor/Collector (RQ-0530-KP)

Dear Ms. Pence:

You ask whether "section 6.05(f) of the Tax Code bars the continued employment of the Erath County Appraisal District Chief Appraiser if his sibling is elected" to the office of Erath County tax assessor-collector.[1] If not, you ask whether the siblings' simultaneous service in the respective positions will affect "the Tax Assessor-Collector's role on the Board of Directors of the Appraisal District[.]" Request Letter at 1.

To provide legal context for your questions, we review an appraisal district's purpose, governance, and administration. Chapter 6 of the Tax Code sets out the procedures for the local administration of property taxes and establishes a tax appraisal district in each county, making the appraisal district "responsible for appraising property in the district for ad valorem tax purposes of each taxing unit that imposes ad valorem taxes on property in the district." TEX. TAX CODE § 6.01(a), (b). An appraisal district in a county with a population of less than 75,000[2] is governed by a board consisting of five directors appointed by the taxing units that participate in the appraisal district.[3] *Id.* § 6.03(a), (a-1). If the county tax assessor-collector is not appointed as a director by

---

[1]Letter from Honorable Lisa Pence, Erath Cnty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Jan. 31, 2024), https://texasattorneygeneral.gov/sites/default/files/request-files/request/2024/RQ0530KP.pdf ("Request Letter"). For purposes of this opinion, we assume these siblings are related by blood (i.e., consanguinity).

[2]The population of Erath County from the most recent federal decennial census is 42,545. *See* U.S. CENSUS BUREAU, https://www.census.gov/quickfacts/fact/table/erathcountytexas/PST045222 (last visited Aug. 7, 2024*); see also* TEX. GOV'T CODE § 311.005(3) (defining "[p]opulation" for purposes of construing statutes as "the population shown by the most recent federal decennial census").

[3]The number of directors may be increased, and their method of appointment changed, in certain instances. *See* TEX. TAX CODE § 6.031.

one of the taxing units, the assessor-collector generally serves as a sixth, nonvoting director. *Id.* § 6.03(a-1).[4]

Each tax appraisal district is required to establish an appraisal office.[5] *Id.* § 6.05(a). The chief appraiser serves as the chief administrator of the appraisal office. *Id.* § 6.05(c). "[T]he chief appraiser is appointed by and serves at the pleasure of the appraisal district board of directors."[6] *Id.*; *see also Townsend v. Montgomery Cent. Appraisal Dist.*, No. 14-14-00103-CV, 2015 WL 971313, at *3 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (mem. op.) (holding the Legislature, in subsection 6.05(c), gives the appraisal district board of directors the authority to remove the district's chief appraiser); Tex. Att'y Gen. Op. No. JM-499 (1986) at 4 (describing the chief appraiser's primary role "as agent and employee of the appraisal district board of directors"). The board of directors sets the compensation for the chief appraiser when adopting the appraisal district budget.[7] *See* TEX. TAX CODE §§ 6.05(d) (providing "the chief appraiser is entitled to compensation as provided by the budget adopted by the board of directors"), 6.06(b) (addressing adoption of the appraisal district budget by the board of directors).

With that context, we consider your first question about whether subsection 6.05(f) bars the continued employment of a chief appraiser whose sibling becomes a member of the appraisal district board. Request Letter at 1. Subsection 6.05(f) provides as follows:

> The chief appraiser may not employ any individual related to a member of the board of directors within the second degree by affinity or within the third degree by consanguinity, as determined under Chapter 573, Government Code.[8] A person commits an offense if the person intentionally or knowingly violates this subsection. An offense under this subsection is a misdemeanor punishable by a fine of not less than $100 or more than $1,000.

TEX. TAX CODE § 6.05(f) (footnote added). When construing a statute, a court's primary objective is to determine the Legislature's intent which, when possible, is discerned from the plain meaning of the words chosen. *Mosaic Baybrook One, L.P. v. Simien*, 674 S.W.3d 234, 253 (Tex. 2023). By

---

[4]*See also* Brief from Eric C. Farrar, Perdue Brandon Fielder Collins & Mott, L.L.P., on behalf of Erath Cnty. Appraisal Dist., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Feb. 29, 2024) (on file with the Op. Comm.) ("District Brief") (stating that "[i]f the chief appraiser's sister is elected as the Tax Assessor-Collector, she will be a member of the District's board of directors" either because "she will be appointed to the board by vote of participating taxing units . . . or, alternatively, and more likely, she will serve as an ex officio nonvoting member of the board").

[5]Excepted from this requirement is a tax appraisal district that chooses to contract with an appraisal office in another district or with a taxing unit in the district to perform the duties of the appraisal office for the district. TEX. TAX CODE § 6.05(a).

[6]There are circumstances in which the Texas Comptroller of Public Accounts, rather than the board, appoints a chief appraiser. *See id.* §§ 6.05(c), .0501 (authorizing the comptroller to appoint an eligible person to perform the duties of chief appraiser for an appraisal district whose chief appraiser is ineligible to serve).

[7]There are circumstances in which the Texas Comptroller of Public Accounts, rather than the board, sets the chief appraiser's compensation. *See id.* § 6.0501(c).

[8]A brother and sister are related to each other in the third degree by consanguinity. *See* TEX. GOV'T CODE § 573.023(c)(2).

its terms, subsection 6.05(f) operates as a prohibition on the employment of individuals *by* the chief appraiser. TEX. TAX CODE § 6.05(f) (providing "[t]he chief appraiser may not employ . . . ."). It does not address the employment *of* the chief appraiser by the board of directors. *Cf., e.g.*, *id.* § 6.035(a) (providing a chief appraiser is disqualified from employment in certain instances). A court would likely conclude that subsection 6.05(f) is not applicable to the appraisal district board of directors' continued employment of a chief appraiser whose sibling begins serving as a member of the appraisal district board of directors.

The chief appraiser's continued employment could, however, violate the nepotism statutes. This office previously explained "[a]n individual's employment that begins free from any nepotism may become unlawful when a relationship arises in the course of employment that the nepotism statutes forbid." Tex. Att'y Gen. Op. No. GA-0121 (2003) at 3. Relevant here, Government Code section 573.041 provides that

> [a] public official may not appoint, confirm the appointment of, or vote for the appointment or confirmation of the appointment of an individual to a position that is to be directly or indirectly compensated from public funds or fees of office if:
>
> > (1) the individual is related to the public official within a degree described by Section 573.002; or
> >
> > (2) the public official holds the appointment or confirmation authority as a member of a state or local board, the legislature, or a court and the individual is related to another member of that board, legislature, or court within a degree described by Section 573.002.

TEX. GOV'T CODE § 573.041. A member of an appraisal district board is a public official. *See id.* § 573.001(3)(B) (defining "[p]ublic official" to mean a member of a board of a political subdivision of this state); TEX. TAX CODE § 6.01(c) (providing "[a]n appraisal district is a political subdivision of the state"). As to appointing or confirming the appointment of an individual, "it is presumed that a public official makes a new decision each month to retain" an at-will employee. Tex. Att'y Gen. Op. No. GA-0121 (2003) at 3. A chief appraiser holds a position paid with public funds. *See* TEX. GOV'T CODE § 573.001(2) (defining "[p]osition" to include "an office, clerkship, employment, or duty"); TEX. TAX CODE § 6.05(d) (entitling the chief appraiser "to compensation as provided by the [appraisal district] budget"). And a brother and sister are related to each other within the third degree by consanguinity. *See* TEX. GOV'T CODE §§ 573.002, .023(c)(2). Thus, a court would likely conclude that a chief appraiser's continued employment is prohibited after his sibling becomes a member of the appraisal district board of directors unless either of two circumstances exist.

First, the section 573.041 prohibition does not apply to a public official who lacks appointment or confirmation authority over the position at issue. *See* Tex. Att'y Gen. Op. No. KP-0045 (2015) at 1 (citing *Pena v. Rio Grande City Consol. Indep. Sch. Dist.*, 616 S.W.2d 658, 659–60 (Tex. App.—Eastland 1981, no writ)). Accordingly, a court would likely conclude section

573.041 does not apply to a chief appraiser's sibling who is a tax assessor-collector serving on the appraisal district board of directors as a *nonvoting* director with no appointment or confirmation authority over the chief appraiser position.

Second, even if the section 573.041 prohibition applies, the chief appraiser may fall within the continuous-employment exception. *See* TEX. GOV'T CODE § 573.062. Under section 573.062, a nepotism prohibition prescribed by section 573.041 does not apply to an appointment, confirmation of an appointment, or vote for an appointment or confirmation of an appointment of an individual to a position if the individual is employed in the position immediately before the appointment of the public official to whom the individual is related in a prohibited degree, and the prior employment of the individual is continuous for at least thirty days. *Id.* § 573.062(a)(1), (2)(A). In the circumstance you describe, if a chief appraiser is continuously employed by the appraisal district for at least thirty days prior to the appointment of his sibling to the appraisal district board, the chief appraiser may continue in his position.[9]

If the chief appraiser may continue in his position, your second question asks whether it will affect "the Tax Assessor-Collector's role on the Board of Directors of the Appraisal District[.]"[10] Request Letter at 1. If the chief appraiser remains in his position under the continuous-employment exception, his sibling is prohibited from participating "in any deliberation or voting on the appointment, reappointment, confirmation of the appointment or reappointment, employment, reemployment, change in status, compensation, or dismissal of the" chief appraiser, assuming the action applies only to the chief appraiser and not a bona fide class or category of employees of the district. TEX. GOV'T CODE § 573.062(b).

---

[9]This assumes, of course, that the chief appraiser is otherwise eligible to serve in the position. *See, e.g.*, TEX. TAX CODE § 6.035 (setting out restrictions on eligibility to serve as an appraisal district board member or chief appraiser). Any such factual inquiry is beyond the scope of this opinion.

[10]We do not understand you to ask and, thus, do not exhaustively consider all the potential consequences if the siblings simultaneously serve in these positions. Request Letter at 1.

**S U M M A R Y**

Tax Code subsection 6.05(f) prohibits the chief appraiser of a tax appraisal district from employing any individual related to a member of the appraisal district board of directors within the second degree by affinity or within the third degree by consanguinity. A court would likely conclude that subsection 6.05(f) does not apply to the appraisal district board of directors' continued employment of a chief appraiser whose sibling begins serving as a member of the appraisal district board of directors.

The chief appraiser's continued employment could, however, violate the nepotism prohibition in Government Code section 573.041 unless the chief appraiser's sibling serves as a nonvoting member of the appraisal district board of directors or the chief appraiser's employment falls under the continuous employment exception set forth in section 573.062. If the chief appraiser's employment falls under the continuous-employment exception, his sibling may not participate in any deliberation or voting on the appointment, reappointment, confirmation of the appointment or reappointment, employment, reemployment, change in status, compensation, or dismissal of the chief appraiser.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

CHRISTY DRAKE-ADAMS
Assistant Attorney General, Opinion Committee